IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON BRUZEK, HOPE KOPLIN and
NEIL MILLER, individually and on behalf
of all others similarly situated,

                Plaintiffs,

  v.

HUSKY ENERGY INC. and
SUPERIOR REFINING COMPANY, LLC,

                Defendants.

ORDER

18-cv-697-wmc

---

On April 26, 2018, an explosion and subsequent fire occurred at the "Husky Superior refinery" in Superior, Wisconsin. Currently, there are three federal lawsuits in this court arising out of that incident, including this proposed class action. Before the court is defendant Superior Refining Company's motion to stay discovery (dkt. 67-69), which plaintiffs oppose (dkts. 71-72).[1] For the reasons stated below, that motion is denied.

Plaintiffs, who are residents of Superior, filed this lawsuit on August 20, 2018 (dkt. 1). Defendants responded with two dismissal motions on October 31, 2019 (dkts. 20 & 22), which prompted a November 29, 2018 amended complaint (dkt. 29) that mooted the dismissal motions. In the parties' joint Rule 26(f) report (dkt.28), defendants reported their intent to file new dismissal motions and to request a discovery stay. As a result, at the November 30, 2018 telephonic preliminary pretrial conference, the court set a September 20, 2019 deadline for plaintiffs' class certification motion and set jury selection and trial for October 5, 2020, but did not set the other usual dates, such as a deadline to file dispositive motions (which ordinarily would be six months before trial in a class action) or a discovery cutoff date (which ordinarily would be about six or seven weeks before trial). *See* dkt. 36. As they predicted, defendants

---

[1] SRC filed an unbidden reply on August 12, 2019 (dkt. 73) which the court has not considered.

promptly filed dismissal motions (dkts. 41 & 43) and a motion to strike the class allegations (dkt. 47). They did not, however, move to stay discovery.

Meantime, Taylor Mayr, a worker injured in the incident, filed his own lawsuit against the same two defendants on November 7, 2018, although he subsequently dropped his claim against HEI. *See* Case No 18-cv-917-wmc, dkts. 1, 4 and 23. On March27, 2019, SRC filed a motion to dismiss in *Mayr* (dkt. 26), which went UA to the court on April 29, 2019 (dkt. 40). At the April 30, 2019 telephonic preliminary pretrial conference, the court set a schedule that included an April 30, 2020 discovery cutoff, a June 1, 2020 deadline to file dispositive motions, and a November 2, 2020 trial date. Dkt. 42. Notably, the court stayed discovery "until the court rules on the pending motion to dismiss or until July 15, 2019, whichever comes first." *Id.* at 2.[2] The court imposed this dichotomous discovery stay pursuant to a tweak in the court's civil scheduling templates in early 2019. This tweak had not been in place when the court held the preliminary pretrial conference in the instant case.

This approach is the court's attempt to balance the parties' competing views about how to proceed in the face of early-filed dismissal motions, and it takes into account all of the competing case law cited by the parties in their briefs on defendants' motion to stay. As a starting point, the court agrees that defendants usually should receive some front-end shelter from discovery while certain types of dismissal motions are pending, but only if the motions are filed before the court sets the schedule. If the motions are filed before the court sets the schedule at the preliminary pretrial conference, then the court will impose a discovery stay that will end about two months after the defendant files its reply brief on dismissal. The length of the stay is based on the judges' intent to rule on dispositive motions within two months after the they come under advisal to the court. To ensure that neither side is prejudiced by such a stay, the

---

[2] The third lawsuit, *Fagan and Hagenah v. SRC*, 19-cv-462-wmc, was filed on June 5, 2019, so there has not yet been a response by SRC or a schedule set by the court.

2

court accounts for it by setting a schedule that is at least two months longer than otherwise would be the case. That's why the court does *not* usually stay discovery when a defendant files a dismissal motion after the preliminary pretrial conference: a stay would interfere with both sides' ability timely to take the discovery they need for motions practice, which is tightly scheduled in this court.

That's also why the discovery stay is an either/or proposition: the judges in this court are very busy, so they don't always rule on dispositive motions within two months. At that point, the court allows discovery to begin anyway, because the court does not intend to move the other dates it set at the preliminary pretrial conference. Therefore, in the *Mayr* lawsuit, the discovery stay ended on July 15, 2019 even though the presiding judge has not yet ruled on SRC's dismissal motion.

In the instant case, the court eschewed setting a full schedule in light of defendants' announcement that they intended to file a motion to stay discovery. The court set a few important dates–the September 20, 2019 class certification motion deadline and the October 5, 2020 trial–as placeholders, anticipating that the dismissal motions would have been resolved in the ordinary course. Defendants then filed their motions to dismiss, but they never filed a motion to stay discovery. Therefore, discovery has never been stayed in this lawsuit. Not ever.

Even if the court had stayed discovery, either on its own motion or on a timely filed motion by defendants, it would have employed the procedure that it used in *Mayr*: discovery would have been stayed for two months following the submission of defendants' reply brief in support of dismissal. Such a hypothetical stay would have ended on or about April 4, 2019. As matters stand now, defendants have benefitted from an informal six month discovery. That ends today.

The court intends to keep the October 5, 2020 trial date, although it probably cannot salvage the September 20, 2019 deadline to file class certification motions. In light of this, all parties must attend to their discovery obligations promptly and in good faith.

At this time, the court is not going to address SRC's specific challenges to plaintiffs' discovery requests. Instead, the parties have one week, until August 20, 2019 to meet, to confer and to agree on how discovery shall proceed. The court will referee any remaining discovery disputes at a telephonic hearing on August 22, 2019 at 3:30 p.m., at which Rule 37(a) cost shifting will occur and Rule 37(b) sanctions will be imposed if the court determines that a party has not adequately fulfilled its obligations as set forth in this order.

ORDER

It is ORDERED that:

(1) Defendant SRC's motion to stay discovery is DENIED.

(2) Not later than August 20, 2019, the parties shall meet, confer, and agree on how discovery shall proceed.

(3) The court will hold a telephonic status conference on August 22, 2019 at 3:30 p.m. to resolve any lingering discovery disputes. The court will cancel this hearing upon the parties' report that it is unnecessary.

Entered this 13th day of August, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge