IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASEN BRUZEK, HOPE KOPLIN, and
CHRISTOPHER PETERSON, individually
and on behalf of all others similarly situated,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                          18-cv-697-wmc

HUSKY OIL OPERATIONS LTD. and
SUPERIOR REFINING COMPANY LLC,

                        Defendants.

---

      Named plaintiffs and class representatives Jason Bruzek, Hope Koplin, and Christopher Peterson brought this class action against defendants Husky Oil Operations Ltd. ("Husky") and Superior Refining Company LLC ("Superior"), seeking to recover damages and injunctive relief related to the evacuation of their homes. The parties have now reached a settlement. Before the court is plaintiffs' unopposed motion for final approval of the class action settlement (dkt. #255), on which a fairness hearing was held on January 21, 2022. Plaintiffs have also filed a motion for award of attorneys' fees, which defendants have opposed. (Dkts. ##261, 269.) Because the attorneys' fees will be decided separately from the class recovery, orally approved at the fairness hearing, and the final resolution of that dispute is not grounds for denying approval of the settlement per agreement of the parties, the court will address the attorneys' fee award in a later decision, granting the motion for final approval of the class settlement and class representative fees, as well as directing entry of final judgment in order to facilitate prompt disbursement to class members.

FACTS

A. **Background**

In this lawsuit, named plaintiffs Jason Bruzek, Hope Koplin, and Christopher Peterson, as well as a putative class of similarly situated individuals, alleged that defendants Husky and Superior negligently stored hydrogen fluoride, leading to the evacuation of the Town of Superior, Wisconsin. The court previously granted plaintiffs' motion for class certification on liability under Rule 23. (Dkt. #232.)

On September 4, 2020, plaintiffs submitted an unopposed motion for preliminary approval of settlement agreement, which the court granted. (Pls.' Mot. for Prelim. Approval of Settlement Agreement (dkt. #244); Order (dkt. #250).) The class in this case is defined as "[a]ll persons over the age of 18 subject to the Evacuation Order declared on April 26, 2018 as a result of the Superior Refinery explosion and fire who seek compensation for economic loss or loss of use and enjoyment of their property, excluding personal injury damages." (Order (dkt. #232) 20.) This class consists of approximately 20,782 individuals. (Mot. for Final Approval of Settlement Agreement (dkt. #256) 1.)

B. **Overview of Settlement Agreement**

As detailed in the court's earlier order granting preliminary approval, the settlement creates a claim and notice fund of $1,050,000 ("the Fund") to be used to pay notice and claims administration costs, named plaintiff awards, and class members. (Order (dkt. #250) 2.) Under the terms of the settlement, class members will receive $150 per class member or $300 per household, subject to an offset of any funds previously received from Superior's reimbursement program. (*Id.* at 3.) Additionally, out of the Fund, the

settlement proposes an incentive award of $2,000 to be paid to each of the three class representatives, and an award of $169,000 toward class administration costs. (*Id*.) Any funds left after those disbursements will be given to class members pro rata, with a maximum award of $200 per person or $400 per household. (*Id*.)

### C. Notice, Objections and Exclusions

After certifying the class and approving the settlement preliminarily, class counsel sent a notice to potential class members through direct mailings, newspaper publication, radio advertisements and social media outreach. (Mot. for Final Approval of Settlement Agreement (dkt. #256) 7-8.) The claims administrator estimates that at least 70% of the class received notice. (*Id*. at 8.) At the close of the notice period, no class members had objected to the settlement; 5,390 class members has submitted valid claims forms; and only sixteen class members requested exclusion.[1] (*Id*.)

## OPINION

## I. Final Approval

Federal Rule of Civil Procedure 23 provides that a court may approve a proposed class action settlement only if it determined that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In its earlier order preliminarily approving the settlement, the court raised no major concerns with the terms of the settlement. (Order (dkt. #250) 8.) While less than 30% of the potential class submitted claims, that still

---

[1] Plaintiffs disclosed that twelve, additional valid claims were submitted after the notice period, and by oral motion from plaintiffs' class counsel and without objection from defendants, the court directed all of these late claims should be honored for a final total of 5,402 class members.

meant that over 5,400 valid claims were submitted. Additionally, the claims process for the settlement did not require any proof of damages, making it far easier for class members to submit claims. (Pls.' Mot. for Final Approval of Settlement Agreement (dkt. #256) 6.) Ultimately, each class member will receive around $167.23 not including offsets for earlier, voluntary reimbursements by defendants, which the parties estimate will be less than $20,000 in total. (*Id*. at 9.)

Based on these findings, and representations made by the parties' counsel during the January 21, 2022, fairness hearing, as well as in the parties' written submissions and the record in this case as a whole, the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).

**II. Incentive Award**

The settlement agreement also provides that named plaintiffs Jason Bruzek, Hope Koplin, and Christopher Peterson will also receive an incentive fee of $2,000 each out of the Fund. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). In deciding whether an incentive award is appropriate and what the amount should be, the Seventh Circuit advised that courts may consider "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Here, parties represent the following:

> Class Representatives assisted Class Counsel with their

> investigation of this case, including providing information about their experiences with the explosion and Evacuation Order, their impressions of the seriousness of and risk posed by the explosion, and their monetary losses suffered as a result of the evacuation and the loss of use and enjoyment of their property. Class Representatives reviewed and approved the pleadings, which involved initial, amended, and second amended complaints. Each Class Representative responded to discovery, sat for a deposition and spent time preparing with Class Counsel beforehand. Class Representatives were also involved in reviewing and, ultimately, approving the Settlement Agreement.

(Pls.' Mot. for Final Approval of Settlement Agreement (dkt. #256) 24.)

In similar cases, this court has previously awarded incentive fees equivalent to and greater than the amount requested here based on similar commitments of time by and other demands on the class representative, as well as other factors. *E.g.*, *King v. Trek Travel, LLC*, No. 18-cv-345, 2019 WL 6790398, at *2 (W.D. Wis. Dec. 12, 2019) (approving $1500 incentive award for class representative); *Foshinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-CV-592-WMC, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013) (granting named plaintiffs $5,000 each as an enhancement payment); *Berndt v. Cleary Bldg. Corp.*, No. 11-CV-791-WMC, 2013 WL 6331344, at *1 (W.D. Wis. Dec. 5, 2013) (awarding enhancement payments of $1,000-$5,000 to named plaintiffs). Accordingly, the court finds that the request of a $2,000 fee for each of the named plaintiffs as class representatives is reasonable and will grant the award.

### III. Attorneys' Reasonable Fees and Costs

The court heard argument on an award of reasonable attorneys' fees and costs, but reserved deciding that question, which is independent of final approval of the class

settlement and Fund, as well as the class representative fee award. Accordingly, the court will order that final judgment be entered and retain jurisdiction for purposes of deciding the award of attorney fees and costs.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' unopposed motion for final approval of the settlement agreement (dkt. #255) is GRANTED, and the parties are directed to carry out its terms.

2) The proposed enhancement payments from the Fund to Jason Bruzek, Hope Koplin, and Christopher Peterson in the amount of $2,000 each are GRANTED.

3) Settlement payments as defined in the Section 3 and Section 4 of the Settlement Agreement (dkt. #246-1) are also GRANTED.

4) Final judgment may be entered consistent with this order, while the court retains jurisdiction for the sole purpose of deciding the award of reasonable attorneys' fees and costs to plaintiffs' counsel independent of the common fund.

Entered this 31st day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge